UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   Sausan E. Kassar<br>                              Debtor<br><br>Sausan E. Kassar<br>                         Movant<br>v.<br><br>SN Servicing Corporation as Servicer<br>for U.S. Bank Trust National<br>Association, as Trustee for Treehouse<br>Series IV Trust<br>Kenneth E. West - Trustee<br>                    Respondents | Case No..: 22-13038-pmm<br><br>Chapter: 13<br><br>Judge: Patricia M. Mayer |

## STIPULATION TO REINSTATE STAY

WHEREAS, on November 11, 2022,  Sausan E. Kassar (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee for Treehouse Series IV Trust (the "Creditor") is a secured Creditor regarding the Property located at 6340 Sherwood Road, Philadelphia, PA 19151 (the "Property");

WHEREAS, on  January 13, 2026, an Order was entered granting Creditor or its predecessor in interest relief from the automatic stay (Doc. 157) (the "Relief Order");

WHEREAS, on January 19, 2026, Debtor filed a Motion to Reimpose Automatic Stay;

WHEREAS, Movant and Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Creditor, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, Ronald G. McNeil, Esquire, as follows:

1.      The parties agree that the post-petition default is as follows:

3 PAYMENTS DUE 12/22/2025 THRU 01/19/2026 @ $1,196.81       $3,590.43
4 PAYMENTS DUE 02/02/2026 THRU 03/16/2026 @ $994.16        $3,976.64
SUSPENSE                                                   ($653.72)
TOTAL:                                                     **$6,913.35**

2.      On or before March 31, 2026, Debtor shall tender a payment to Creditor in the amount of

$**6,913.35**, as set forth in Paragraph 1.

3.      Commencing on March 30, 2026, Debtor shall resume making regular bi-weekly

post-petition mortgage payments in the amount of $994.16 or as duly modified.

4.      The Relief Order entered on January 13, 2026, is vacated.

5.      Should Debtor fail to comply with any of the terms of this Stipulation, including but not

limited to failure to make the above described payments, or any regular monthly mortgage payment

commencing after the cure of the post-petition arrearage, then Movant may send Debtor and counsel for

Debtor a written notice of default of this Stipulation;  with said notice also sent to counsel for Debtor via e-

mail.  If the default is not cured within ten (10) days of the date of said notice, counsel for Movant may file

a Certification of Default with the Court.  Said Certification of Default may include a certification of

Debtor's failure to pay subsequent payments that fall due after the date of the notice of default.  Upon

Certification, the Court shall enter an Order granting relief from the automatic stay as to the Property with

no further notice or hearing.

6.      In the event that Debtor converts his/her case to Chapter 11, the terms of this Stipulation

shall remain in full force and effect.  In the event that Debtor converts his/her case to Chapter 7, Debtor

shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion.  Failure

to cure the arrears shall constitute an event of default under this Stipulation and Movant may send a notice

of default and certify default as set forth in the preceding paragraph.

7.      The Debtor agrees that any Order granting relief from the automatic stay will include a

waiver of Rule 4001(a)(3) and that Movant, its successors and/or assigns may act upon the Order

immediately.

8. If the instant bankruptcy is dismissed, this Stipulation shall be void and shall not be binding upon the parties.

9. Attorney fees and costs for issuing a notice to cure, notice/certificate/affidavit of default, and order for relief are recoverable and may be added to the arrearage.

10. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amount(s) not included in the instant Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).

Date: March 23, 2026                          /s/ Lauren M. Moyer

Lauren M. Moyer, Esquire
Friedman Vartolo, LLP
*Counsel for Creditor*

Date: March 17, 2026                          /s/ Ronald McNeil

Ronald G. McNeil, Esquire
*Counsel for Debtor*

Date: March 23, 2026                          /s/ Jack K. Miller, Esquire    for

Kenneth E. West, Esquire
*Chapter 13 Trustee*

I have no objection to the terms of the proposed stipulation, without prejudice to any rights or remedies available to us.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:    Sausan E. Kassar<br>                          Debtor<br><br>Sausan E. Kassar<br>                   Movant<br>v.<br><br>SN Servicing Corporation as Servicer<br>for U.S. Bank Trust National<br>Association, as Trustee for Treehouse<br>Series IV Trust<br>Kenneth E. West - Trustee<br>                          Respondents | Case No..: 22-13038-pmm<br><br>Chapter: 13<br><br>Judge: Patricia M. Mayer |

## ORDER APPROVING STIPULATION TO REINSTATE STAY

AND NOW, this _____ day of _____, 2026, it is hereby ORDERED and

DECREED that the Stipulation to Reinstate Stay as to Creditor, SN Servicing Corporation as Servicer for

U.S. Bank Trust National Association, as Trustee for Treehouse Series IV Trust is hereby APPROVED.

The Relief Order entered on January 13, 2026, is hereby VACATED.

BY THE COURT:

_____
Patricia M. Mayer, Bankruptcy Judge